J-S04002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARLON HURDLE | : | |
| | : | |
| Appellant | : | No. 1130 MDA 2017 |

Appeal from the PCRA Order June 30, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003270-1994

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 23, 2018**

Appellant, Marlon Hurdle, appeals *pro se* from the June 30, 2017 order that denied his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant facts and procedural history of this matter as follows:

> On May 19, 1995, [Appellant] was tried by a jury, convicted of two counts of first degree murder, and subsequently sentenced to two life terms. Commonwealth v. Hurdle, 21 MDA 2012, 2013 WL 11282815 (Pa. Super. 2013). According to testimony at trial, [Appellant] was a drug dealer. (N.T. Jury Trial Volume VI at 1300:11-24, 1304:4-5; N.T. Jury Trial Volume VII at 1471:2-15). On the day of the murders, after running out of drugs to sell, [Appellant] attempted to rob two would-be customers at gunpoint. (N.T. Jury Trial Volume VI at 1306:3-1311:6). When the two victims, who were seated in a van, would not give [Appellant] any money, [Appellant] fired a warning shot into the air. Id. When the victims still refused, [Appellant] fired eight shots at the victims in the van, killing the passenger with a shot to the head from mere "inches or a foot" away. [Appellant]

also shot and killed the driver with multiple shots to the head from a distance of about four feet. Id.; (N.T. Jury Trial Volume IX at 1845:13-16, 1684:18-1692:14).

[Appellant] directly appealed the conviction, which was subsequently affirmed by the Superior Court. Commonwealth v. Hurdle, 685 A.2d 209 (Pa. Super. 1996). Appeal to the Pennsylvania Supreme Court was denied in 1997. Commonwealth v. Hurdle, 694 A.2d 620 (Pa. 1997). On August 19, 2011, [Appellant] filed his first, *pro se*, PCRA Petition. Amongst [Appellant's] claims was an allegation of government interference because this Court denied him free access to trial transcripts. 21 MDA 2012. In response, I appointed counsel, Christopher P. Lyden, Esq., who subsequently filed a [Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)] no-merit letter. Agreeing that [Appellant's] claims were meritless, I granted counsel's Motion, and dismissed [Appellant's] Petition, from which Order he appealed. Commonwealth v. Hurdle, [68 A.3d 355,] 21 MDA 2012, 2013 WL 11282815 (Pa. Super. 2013) (summarizing the procedural history [and finding no government interference concerning the trial transcripts because Appellant had no pending PCRA petition when he requested the transcripts)]. The Superior Court affirmed my decision, and petition for allowance of appeal was denied by the Pennsylvania Supreme Court on July 16, 2013. [Commonwealth v. Hurdle,] 69 A.3d 601 [(Pa. 2013).]

[Appellant's] second PCRA petition was filed with this Court on March 23, 2016, arguing he was entitled to relief under Montgomery v. Louisiana, 136 S. Ct. 718 (2016) and Miller v. Alabama, 132 S. Ct. 2455 (2012), which I denied as meritless since he was twenty years old when he committed the murders. The Superior Court issued an Opinion affirming my decision on April 10, 2017. [Commonwealth v. Hurdle, 169 A.3d 1150,] 959 MDA 2016 [(Pa. Super. 2017)].

In the instant Petition, [Appellant] bases his request for relief, again, on the allegation that he was improperly denied access to trial transcripts for his August 19, 2011 PCRA petition. In support of this claim, [Appellant] pleads the PCRA's "newly discovered facts" exception, 42 Pa.C.S.A. § 9545(b)(1)(ii), citing Commonwealth v. Burton, 158 A.3d 618 (Pa. 2017) as a newly discovered fact. [Appellant] argues that a "Burton hearing"

should be held to "assess [Appellant's] ability to access the public record." (Statement).

PCRA Court Opinion, 9/11/17, at 1-3.

The PCRA court denied Appellant's PCRA petition on June 30, 2017. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

1. Did the PCRA Court err in holding, without an[] evidentiary hearing, that [Appellant's] petition was untimely where [Appellant] is a pro se prisoner petitioner with no access to the public record and our Supreme Court has held that it is a missapplication of 42 PA. C.S.A. sec. 9545(b)(1)(ii) to hold such petitioners to a due diligence requirement to access the public record?

2. Did the PCRA Court misapply 42 PA. C.S.A. 9545(b)(1)(ii) by dismissing [Appellant's] petition without holding a hearing to a[ss]ess [Appellant's] ability to access the public record?

Appellant's Brief at 5.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether that court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v.*

*Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of these exceptions must be filed within sixty days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove

---

[1] The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

J-S04002-18

specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Hernandez*, 79 A.3d at 652.

This Court affirmed Appellant's judgment of sentence on July 10, 1996, and on June 11, 1997, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Hurdle*, 695 A.2d 209 (Pa. Super. 1996) (unpublished memorandum), *appeal denied*, 694 A.2d 620 (Pa. 1997). Appellant's judgment of sentence became final ninety days later on September 9, 1997, when the time for filing a petition for a writ of *certiorari* expired. U.S. Sup. Ct. 13; 42 Pa.C.S. § 9545(b)(3). Therefore, in order to be timely, Appellant's PCRA petition had to be filed by September 9, 1998. Appellant's instant petition, filed on May 30, 2017, is thus, patently untimely.

Appellant asserts that our Supreme Court's decision in *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017), satisfies the after-discovered-facts exception[2] to the PCRA's timing requirements and affords him relief. Appellant's Brief at 10. Specifically, Appellant avers as follows:

> Had Commonwealth v. Burton been decided at the time [Appellant's] [f]irst PCRA was pending the Post-Conviction Court would have been required to hold a hearing to determine [Appellant's] ability to exercise due diligence to protect his own interest as a pro se prisoner petitioner.

*Id.* at 11. Appellant's argument is misplaced.

---

[2] 42 Pa.C.S. § 9545(b)(1)(ii).

- 5 -

In **Burton**, our Supreme Court held "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) does not apply to *pro se* prisoner petitioners." **Burton**, 158 A.3d at 638. However, **Burton** did not eliminate the requirement that an incarcerated *pro se* petitioner must exercise due diligence. Therefore, in order for **Burton** to apply, the petitioner must identify what new facts were discovered and plead and prove that those facts were unknown and could not have been discovered sooner with the exercise of due diligence. **Commonwealth v. Shiloh**, 170 A.3d 553, 559 (Pa. Super. 2017).

Appellant baldly asserts that "he needed the transcript" to perfect his PCRA petition. Appellant's Brief at 15. However, the only "new fact" he raises is the decision in **Burton**. It is well settled that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." **Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011). Other than citing **Burton**, Appellant fails to establish what "fact" he discovered. The PCRA court recognized this failing, and it denied Appellant's third PCRA petition as untimely. **See** PCRA Court Opinion, 9/11/17, at 5 ("[T]he only 'new fact' [Appellant] claims to have discovered is our Supreme Court's Burton decision.").

After review, we conclude that the PCRA court properly dismissed Appellant's patently untimely third PCRA petition because no exception to

the time-for-filing requirements of the PCRA was satisfied. Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/23/2018